UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARIA GALEAS                                       CIVIL ACTION

VERSUS                                           No. 18-121

STAFF PRO, LLC, ET AL.                         SECTION I

**ORDER & REASONS**

Before the Court is plaintiff Maria Galeas's ("Galeas") objection to United States Magistrate Judge North's Report and Recommendation[1] (the "report") with respect to Galeas's motion[2] for attorneys' fees. The magistrate judge recommends that Galeas be awarded attorneys' fees in the amount of $1,884.00.[3]

**I.**

Galeas filed her complaint against defendants Staff Pro, LLC ("Staff Pro") and Marriott Hotel Services, Inc. ("Marriott") (collectively, the "defendants") on January 3, 2018, alleging that the defendants failed to adequately compensate her in violation of the Fair Labor Standards Act (the "FLSA").[4] On May 8, 2018, during a status conference, the Court suggested scheduling a settlement conference before the magistrate judge.[5] The settlement conference occurred on June 1, 2018, and Galeas settled her claims against the defendants for $1,500, although the settlement

---

[1] R. Doc. No. 44.
[2] R. Doc. No. 27.
[3] Judge North also noted that Galeas did not seek to recover costs. R. Doc. No. 44, at 1 n.2.
[4] R. Doc. No. 1; R. Doc. No. 21.
[5] R. Doc. No. 22.

agreement reserved the matter of Galeas's entitlement to attorneys' fees and costs for determination by the magistrate judge.[6]

After reviewing briefing from all of the parties and conducting a hearing, the magistrate judge issued a thorough and thoughtful report and recommendation, recommending that the Court award Galeas attorneys' fees in the amount of $1,884.[7]

## II.

If a party files objections to a magistrate judge's findings and recommendations regarding attorneys' fees, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *International Marine, LLC v. FDT, LLC*, No. 10-0044, 2015 WL 914898, at *2 (E.D. La. Mar. 3, 2015) (Fallon, J.) (citing *Blair v. Sealift*, 848 F. Supp. 670, 676 (E.D. La. Mar. 23, 1994) (Heebe, J.)). When resolving objections, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## III.

Galeas objects to the magistrate judge's application of the Fifth Circuit's opinion in *Saizan v. Delta Concrete Products Company, Inc.*, 448 F.3d 795 (5th Cir. 2006). In *Saizan*, the plaintiffs sued their employer under the FLSA. *Saizan*, 448 F.3d at 798. At the conclusion of the first trial, the jury rendered a partial verdict, but it did not determine the defendant's liability, which required a second trial. *Id.*[8]

---

[6] R. Doc. No. 25; R. Doc. No. 43.
[7] *See* R. Doc. No. 44, at 4, 18.
[8] The Fifth Circuit's decision does not explain the partial jury verdict.

2

However, before the second trial commenced, the parties reached a settlement agreement, reserving the attorneys' fees issue, which was to be determined by the magistrate judge. *Id.* The district court ultimately agreed with the magistrate judge's decision, granting the plaintiffs' motion for attorneys' fees and reducing the lodestar amount by approximately $100,000. *Id.* at 799. The Fifth Circuit affirmed.

After calculating the lodestar, the magistrate judge in this case relied, in part, on *Saizan* to recommend that the lodestar be reduced. Galeas argues, first, that *Saizan* is inapposite and, second, that the report's application of *Saizan* creates "new precedent dictat[ing] that anything short of litigating to the hilt and achieving absolute victory based on the complaint results in a downward modifier" of attorneys' fee awards.[9] The Court disagrees with both arguments and addresses them in turn.

## A.

First, Galeas contends that this case cannot be analogized to *Saizan* because the plaintiffs in *Saizan* "actively advanced a theory that they only abandoned on the eve of their *second jury trial*[,]" and then the plaintiffs sought reimbursement for their failed efforts.[10] Arguably, this distinction provides further support for the magistrate judge's decision to reduce the lodestar.

In FLSA cases, courts in this circuit use the lodestar method to determine awards of attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The lodestar is calculated by multiplying the number of hours an attorney

---

[9] R. Doc. No. 51-1, at 1, 2.
[10] *Id.* at 1.

3

reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id.* After calculating the lodestar, the district court may adjust the amount upward or downward based on "the relative weights of the twelve factors set forth in *Johnson* [*v. Georgia Highway Express, Inc.*]." *Saizan*, 448 F.3d 795, 800 (5th Cir. 2006). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Black*, 732 F.3d at 502 n.7 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds*, 489 U.S. 87 (1989)).[11]

The Fifth Circuit has explained that "[t]he most critical factor in determining an attorney's fee award is the 'degree of success obtained.'" *Saizan*, 448 F.3d at 799 (quoting *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003)). Consequently, it upheld the district court's reduction of the lodestar in *Saizan* because the plaintiffs failed to achieve any of their goals in the litigation. *Id.* at 800,

---

[11] The United States Supreme Court has prohibited consideration of the sixth factor for enhancement purposes, and the Fifth Circuit has held that the seventh factor is typically subsumed within the initial calculation of the lodestar. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992) and *Shipes v. Trinity Indus.*, 987 F.3d 311, 321 (1993)). However, the magistrate judge did not enhance the lodestar or consider the prohibited factor. *See* R. Doc. No. 44, at 17.

803. Galeas has similarly achieved none of the objectives set forth in her complaint, including certification of this case as a collective action, an award of damages in the amount of her unpaid wages and liquidated damages, a declaration that the defendants violated the FLSA, and injunctive relief prohibiting the defendants from any further violations.

Considering these failures, the modest amount Galeas obtained from the settlement, and the fact that the defendants have not admitted to liability or been found liable, Galeas's "degree of success" can be fairly characterized as minimal at best. This finding, in conjunction with the other reasons set forth herein and in the magistrate judge's report, warrant a reduction of the lodestar based on the principles expressed by the Fifth Circuit.

Further, the magistrate judge relied on more than just the Fifth Circuit's opinion in *Saizan* to reach his conclusion, and Galeas does not object to any of his pivotal findings. For example, she does not contest his calculation of the lodestar. Nor has she objected to his conclusion that the following *Johnson* factors weigh in favor of reducing the lodestar: the amount involved (a minimal settlement amount of $1,500); the results obtained (a modest, neutral settlement agreement in which the defendants did not admit to any fault or liability); the time and labor involved (routine work amounting to approximately 33 total hours between both attorneys working on the case)[12]; the novelty and difficulty of the questions (low-level complexity

---

[12] Galeas does not dispute the magistrate judge's finding that her counsel essentially did "no *substantive* work" over the course of her case's "six-month lifespan." R. Doc. No. 44, at 3 ("The path to . . . settlement included no written discovery requests or

considering the only substantive motion filed in the case was the present motion for attorneys' fees); the skill requisite to perform the legal services properly (a great deal of skill has not been required); and the length of the proceedings (six months from the date the complaint was filed to the date the Court approved the settlement agreement).

There were a multitude of factors that led the magistrate judge to properly conclude that the lodestar was an inaccurate measure of an appropriate award of attorneys' fees in this case. Under Fifth Circuit law, the lodestar is presumptively reasonable. *Black v. SettlePou P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). However, the Court concludes that it should be reduced in this case.

### B.

Galeas also argues that the magistrate judge's application of *Saizan* creates new and unprincipled precedent.[13] According to Galeas's interpretation, such precedent requires that the lodestar always be reduced in cases that are not fully litigated, which produces nonsensical results and discourages settlement.[14] This is an oversimplified dramatization of the report. To the contrary, the magistrate judge

---

responses, no depositions, the production of no admissible evidence supporting any claim, no motion practice, and no effort to conditionally certify a collective class. Really, no *substantive* work was undertaken by [Galeas's] counsel over the case's six-month lifespan, save for attendance at a couple *de rigueur* status conferences, which . . . resulted in the [Court] ordering the parties to attend [a] single settlement conference, during which the case was settled.").

[13] As an initial matter, the Court's adoption of the report could not create *new* precedent because the magistrate judge's decision was based on methods previously approved by the Fifth Circuit. *See Saizan*, 448 F.3d at 799.

[14] R. Doc. No. 51-1, at 2.

6

took a nuanced approach that directly refutes Galeas's concerns. He initially reduced the lodestar using the percentage reduction that the district court applied in *Saizan*.[15] However, after considering the specific circumstances of this case, the magistrate judge decided that the resulting figure was "insufficient to reasonably compensate counsel for their time[,]" and he increased the amount accordingly.[16]

This Court's approval of the report does not create an arbitrary rule for adjusting the lodestar. Indeed, nothing in the Court's order is inconsistent with the state of the law regarding attorneys' fees in FLSA cases. In such cases, courts in this circuit must take a fact-specific approach by calculating the lodestar and then weighing the *Johnson* factors to determine if an adjustment is necessary. *Black*, 732 F.3d at 502. This is precisely what the magistrate judge did.

## IV.

Finally, although Galeas was mistaken in not requesting costs in her brief to the magistrate judge, the law permits her to recover them as a prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In a bill of costs filed with the Clerk of Court, Galeas requested $413.55—$400 in filing fees and $13.55 in postage fees.[17] Galeas is permitted to recover the $400 filing fee pursuant to 28 U.S.C. § 1920, but the postage

---

[15] R. Doc. No. 44, at 17.
[16] *Id.* at 17.
[17] R. Doc. No. 45, at 1. The bill of costs was filed the day after the magistrate judge issued the report, so the magistrate judge could not have been aware of it when he made his recommendation.

fees she incurred for service purposes are not recoverable costs. *See, e.g., One River Place Condominium Ass'n, Inc. v. Axis Surplus Ins. Co.*, No. 07-1305, 2010 WL 235028, at *3 (E.D. La. Jan. 14, 2010) (Fallon, J.).[18] Therefore, in addition to $1,884 in attorneys' fees, the Court awards Galeas $400 in costs.

After considering the motion, the record, the applicable law, Galeas's objection, and Staff Pro's response, the Court, having conducted a *de novo* review, approves it and adopts it as its own opinion, except that Galeas will also be permitted to recover costs in accordance with 29 U.S.C. § 216(b).

Accordingly,

**IT IS ORDERED** that Maria Galeas's objection to United States Magistrate Judge North's Report and Recommendation is **OVERRULED.**

**IT IS FURTHER ORDERED** that Maria Galeas shall be awarded attorneys' fees and costs in the amount of $2,284.00.

New Orleans, Louisiana, October 4, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[18] "The Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).